NO. 07-08-0181-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 30, 2008

_____

IN RE CURTIS RAY NASH

_____

Before CAMPBELL, HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

This is an original habeas corpus proceeding through which petitioner Curtis Ray Nash contends that his civil contempt incarceration is illegal because he is unable to pay the sum of $45,017.82 in back child support plus court costs and attorney fees required for him to purge himself of the contempt. Because Nash has failed to establish all elements of the affirmative defense of inability to pay, we remand him to the custody of the Potter County Sheriff.

The underlying divorce decree ordered Nash to pay $250.00 per month in child support that he had habitually failed to pay. As a result of Nash's failure to pay support as ordered, an order for enforcement of child support obligation was sought on behalf of Laura Christian Dawn, the mother of the children, by the Office of the Attorney General. At a

hearing conducted on October 11, 2007, Nash was held in contempt for failure to pay four specific child support payments. The court sentenced Nash to 180 days in jail for each separate act of contempt, with all jail time to run concurrently. The court further ordered Nash committed to the county jail until he paid the sum of $45,017.82 in child support arrearage, the sum of $150.00 in attorney fees, and all costs of court. After Nash had completed serving the criminal contempt portion of the sentence, he was not released from the county jail. Subsequently, Nash filed a petition for writ of habeas corpus with the trial court. A hearing on the writ was held on April 14, 2008. After hearing the testimony, the trial court denied the petition and Nash was ordered back to jail. Thereafter, on April 23, 2008, Nash filed a petition for writ of habeas corpus with this Court. We ordered him released on bond pending our determination of the merits of Nash's claims.

Nash contends that his continued incarceration for civil contempt is illegal because he lacks the ability to pay the money required by the court's commitment order. A person cannot be incarcerated indefinitely for civil contempt if he lacks the ability to perform the conditions of release. Ex parte Rojo, 925 S.W.2d 654, 655 (Tex. 1996). In order to avail himself of this "inability to perform" defense, Nash was required to establish that he: 1) lacked the ability to provide support in the amount ordered; 2) lacked property that could be sold, mortgaged, or otherwise pledged to raise the needed funds; 3) attempted unsuccessfully to borrow the needed funds; and 4) knew of no source from which the money could have been borrowed or legally obtained. TEX. FAM. CODE ANN. § 157.008(c) (Vernon 2007).[1]

---

[1]Further references to the Texas Family Code will hereafter be by "§ ___."

2

The record before this court consists of the reporter's record from the original writ of habeas corpus hearing before the trial court and the affidavit of Nash filed with his application for writ of habeas corpus in this Court. The sum and substance of the testimony and Nash's affidavit is essentially the same and may be summarized as follows:

1. Nash works as a cook in a restaurant for $6.00 per hour as part of work release through the Potter County Jail.
2. He was originally working 8 hours per day, but began working 12 hours per day a couple of months before the hearing.
3. He has no bank accounts nor does he have any cash on hand.
4. He owns no property that can be sold to pay the money required.
5. He knows of no one that he can borrow the money from.

Based upon this evidence, Nash asks this Court to find that he is being illegally restrained and to order his release.

The Office of the Attorney General and the Potter County Attorney's Office have filed a response to the application for the writ wherein they allege that Nash has failed to carry his burden of proof on the issue of inability to pay. Specifically, both allege that the evidence fails to show that Nash has, in fact, attempted to borrow the funds to pay the amount owed. According to this reasoning, Nash has therefore failed to show all of the elements of the affirmative defense set forth in the Texas Family Code. See §157.008(c)(3).

Analysis of the testimony and affidavit of Nash leads to the conclusion that his statement that he knows of no one he can borrow the money from are, at best, conclusory. This type of conclusory statement does not meet the requirement of conclusively establishing an inability to pay. In re Hammond, 155 S.W.3d 222, 228 (Tex.App.–El Paso 2004, no pet.) (citing Ex parte Rojo, 925 S.W.2d at 656). Further, this statement does not indicate that Nash actually attempted to borrow the needed funds, as required by the

3

statute.  See § 157.008(c)(3).  Because this inability to perform defense is an affirmative defense, it was Nash's burden to prove each statutory element.

Concluding that Nash has failed to prove the affirmative defense of his inability to meet the condition set for his release by the trial court, we deny Nash's petition and remand him to the custody of the Potter County Sheriff until such time as he purges himself of the contempt or until further orders of the trial court are entered.

Mackey K. Hancock
Justice